UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
NOV -7 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| 360 PAINTING, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15-cv-001064 (LO/IDD) |
| CELESTINE OBI, | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Celestine Obi ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 12.) After neither Defendant nor a licensed attorney for Defendant appeared at the hearing on August 26, 2016, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Entry of Default Judgment, and the supporting documents, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

### I. INTRODUCTION

Plaintiff 360 Painting, LLC ("Plaintiff") filed the Complaint on August 20, 2015, for breach of contract seeking damages and injunctive relief. Plaintiff has moved for default judgment against Defendant and seeks damages in the amount of $265,000; an injunction permanently enjoining Defendant from utilizing Plaintiff's trade secrets or holding itself out to the public as a franchise of Plaintiff 360 Painting; and an Order requiring Defendant to file with the Court a report under oath setting forth in detail the manner in which Defendant has complied with the injunction, including returning Plaintiff's trade secrets. (Dkt. No. 12 at 3.)

1

## A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000. The Complaint alleges damages in the amount of $265,000 exclusive of interest and fees, thus meeting the amount in controversy requirement. (Compl. ¶ 3.) As to citizenship, Plaintiff is a Virginia corporation, wholly owned and Operated by Paul E. Flick, whose principal residence is in Virginia; additionally, 360 Painting, LLC's principal place of business is also in Virginia. (Compl. ¶ 1.) Defendant Celestine Obi is an individual whose principal residence is in Florida. (Compl. ¶ 1.) Because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000 (Compl. ¶ 3), this Court has subject matter jurisdiction over this case.

This Court has personal jurisdiction over Defendant pursuant to the forum selection clause in the contract. (Compl. ¶¶ 3, 29.) Forum selection clauses are *prima facie* valid. *Insight Holding Grp., LLC v. Sitnasuak Native Corp.*, 685 F. Supp. 2d 582, 587 (E.D. Va. 2010) (citing *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990) (holding that a forum selection clause should be enforced unless the objecting party establishes otherwise)). A valid forum selection clause "may act as a waiver to objections to personal jurisdiction." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964)). Defendant has not contested the validity of the forum selection clause. Therefore, the forum selection clause is valid, and this Court has

personal jurisdiction over Defendant.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the omissions giving rise to the claims occurred in this judicial district. (Compl. ¶ 3.) Furthermore, forum selection clauses are generally enforced as to selection of venue. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010). Defendant has consented to this venue by prior agreement and has agreed to be subject to the jurisdiction of this Court. (Compl. ¶¶ 3, 29.) Venue and jurisdiction are therefore proper in this Court.

### B. Service of Process

For a court to have personal jurisdiction over a defendant for the purpose of entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (stating that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249–51 (4th Cir. 1974) (reversing the district court's entry of default judgment because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint). The Federal Rules of Civil Procedure provide the manner in which service must occur.

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by "delivering a copy of the summons and of the complaint to the individual personally [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(A)–(B). On September 24, 2015, a certified process server served the Defendant with the Summons and Complaint at his dwelling. (Dkt. No. 4.) Therefore, Plaintiff properly served Defendant pursuant to Rule 4(e).

### C. Grounds for Default

On August 20, 2015, Plaintiff filed its Complaint against Defendant seeking damages and injunctive relief. (Dkt. No. 1.) A certified process server served Defendant on September 24, 2015. (Dkt. No. 4.) On April 20, 2016, after Defendant failed to respond, the Clerk of Court entered default against Defendant. (Dkt. No. 8.) On August 11, 2016, Plaintiff filed the pending Motion for Default Judgment. (Dkt. No. 12.) This Court held a hearing on the Motion on August 26, 2016. (Dkt. No. 18.) After Defendant failed to appear at the August 26, 2016 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff 360 Painting is the licensor of the 360° Painting System service. (Compl. ¶ 4.) Plaintiff has licensed others to operate painting system services businesses identified with the 360° Painting service mark designated by 360 Painting as part of the 360° Painting system (the "Proprietary Mark"), and to utilize confidential methods and procedures developed by 360 Painting for the operation of 360° Painting franchises. (*Id.*) The Proprietary Mark is registered with the United States Patent and Trademark Office and the registration is in full force and effect. (Compl. ¶ 5.) Plaintiff has given public notice of the registration and Proprietary Mark as provided in 15 U.S.C. § 1111. (*Id.*) Additionally, Plaintiff has acquired common law rights with respect to the trade dress ("Trade Dress") that is common to 360 Painting business locations. (Compl. ¶ 7.)

Plaintiff's Proprietary Mark and Trade Dress are distinctive and are known as identifiers of quality painting services, benefitting 360 Painting's business reputation. (Compl. ¶ 8.) Plaintiff provided trade secrets to Defendant for Defendant's use including training and a

4

confidential operations manual. (Compl. ¶ 9.) The confidential manual includes training and printed manuals, computerized documents or software, information provided on the internet, audiotapes, videotapes, and information in other forms that Plaintiff adopts periodically for use with its 360 Painting system and training (the "Trade Secrets"). (*Id.*) These materials containing the Trade Secrets are confidential, copyrighted, protected from disclosure to third parties, and are exclusive property of 360 Painting; Plaintiff 360 Painting requires return of such materials at the end of the franchise term. (*Id.*)

### A. Breach of Contract

Defendant was a party to a franchise agreement (the "Franchise Agreement") entered into on September 3, 2014, that authorized operation of a 360 Painting Business (the "Business"), operating out of the principal place of business located at 2005 Highway Fall Place, Brandon, Florida, using the Proprietary Mark, Trade Dress, and Trade Secrets of 360 Painting. (Compl. ¶ 11.) Defendant operated the Business identified in the Franchise Agreement using the Proprietary Mark, Trade Dress, and Trade Secrets of 360 Painting. (Compl. ¶ 12.)

Plaintiff has performed its obligations pursuant to the contract. (Compl. ¶ 31.) Defendant has failed to abide by the terms of the Franchise Agreement by failing to pay royalty fee payments or marketing fund contributions. (Compl. ¶¶ 31–33.) On March 5, 2015, Plaintiff provided Defendant with written notification of default of the Franchise Agreement and an opportunity to cure the default. (Compl. ¶ 34.) Defendant did not timely cure the default, and on May 6, 2015, Plaintiff provided Defendant written notice of termination of its Franchise Agreement. (Compl. ¶¶ 35–36.)

Upon information and belief, Defendant failed to return the Trade Secrets, which it is obligated to return upon termination of the Franchise Agreement. (Compl. ¶ 37.) Defendant failed to cease using Plaintiff's Proprietary Mark, Trade Dress, and Trade Secrets upon

termination of the Franchise Agreement, and continues to operate the Business using Plaintiff's Proprietary Mark, Trade Dress, and Trade Secrets without Plaintiff's authorization. (Compl. ¶ 38.) Defendant continues to operate the website https://deluxelocalsync.live.promojam.com/Global360Painting without Plaintiff's authorization. (Compl. ¶ 39.) Defendant failed to cease representing to the public that Defendant is a franchise of 360 Painting after Plaintiff terminated the Franchise Agreement. (Compl. ¶ 40.)

Plaintiff has suffered harm of $65,000 from Defendant's breach of contract. (Compl. ¶ 41.) Plaintiff has been substantially and irreparably harmed by Defendant's conduct and the unauthorized use of Plaintiff's Proprietary Mark, Trade Dress, and Trade Secrets. (Compl. ¶ 42.)

### B. Trademark Infringement

Defendant's acts, practices, and conduct constitute an infringing use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered Proprietary Mark in connection with the sale, offering for sale, and advertising of services, which is likely to cause confusion, mistake, or to deceive the public in violation of 15 U.S.C. § 1114(1).[1] (Compl. ¶ 44.) As a direct and proximate cause of Defendant's infringement, Plaintiff has been, and is likely to be, substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill. (Compl. ¶ 45.) Plaintiff has no adequate remedy at law because Plaintiff's Proprietary Mark is unique and represents to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendant's misconduct. (Compl. ¶ 46.)

Defendant's continued use of Plaintiff's Proprietary Mark and Trade Dress will cause Plaintiff irreparable injury. (Compl. ¶ 47.) This threat of future injury to Plaintiff's business

---

[1] Plaintiff cites to 15 U.S.C. § 1141(1) in its complaint (Compl. ¶ 44), but uses the language of 15 U.S.C. § 1114(1), which is the applicable statute for this claim. Therefore, the undersigned will analyze the trademark infringement claim under 15 U.S.C. § 1114.

6

identity, goodwill, and reputation requires injunctive relief to prevent Defendant's continued use of Plaintiff's Proprietary Marks and Trade Dress, and to ameliorate and mitigate Plaintiff's injuries. Plaintiff has suffered $200,000 in damages from Defendant's infringement of Plaintiff's Proprietary Mark and Trade Dress. (Compl. ¶ 48.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience,

7

and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Breach of Contract

To establish a claim for breach of contract under Virginia Law,[2] the plaintiff must show that (1) the defendant had a legally enforceable obligation, (2) the defendant materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004) (citations omitted). A plaintiff must prove damages with reasonable certainty; contingent, speculative, or uncertain damages are not recoverable. *See Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009).

Here, Plaintiff alleges, and by failing to answer, Defendant concedes, that Plaintiff 360 Painting and Defendant Celestine Obi entered into a legally enforceable obligation. Pursuant to the agreement, Defendant agreed to pay Plaintiff royalty fees in the amount of five percent of the net sales of the Business up to $500,000 in a calendar year (Compl. ¶ 14), marketing fund contributions in the amount of two percent of the preceding week's net sales (Compl. ¶ 15), a $100 late charge per delinquent operating statement per week if Defendant fails to submit a statement of net sales to Plaintiff for the prior week (Compl. ¶ 18), a two percent fee for unpaid royalties if Defendant fails to make royalty fee payments and marketing fund contributions (Compl. ¶ 19), a one-and-a-half percent interest per month on all past due royalty fee payments and market fund contributions (Compl. ¶ 20), and a $100 late fee payment for all overdue payments (Compl. ¶ 21). Upon termination of the Franchise Agreement due to Defendant's default, Defendant must pay liquidated damages in a lump sum of $50,000. (Compl. ¶ 28.) Defendant is also responsible for the costs and expenses, including reasonable attorney's fees,

---

[2] Pursuant to the contract between the parties, Defendant agreed to submit to the exclusive jurisdiction and venue of this court. Furthermore, a substantial part of the omissions giving rise to the claims occurred in Virginia. Thus, Virginia law governs this cause of action.

8

incurred in obtaining relief for the enforcement of the Franchise Agreement between the parties. (Compl. ¶ 27.)

Plaintiff and Defendant had a legally enforceable agreement (Compl. ¶ 14), which Defendant materially breached (Compl. ¶¶ 14–18), causing Plaintiff damages in the amount of $65,000. (Compl. ¶ 41.) These damages are not speculative and can be proven with reasonable certainty. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Defendant and recommends that Plaintiff's Motion for Default Judgment be granted as to the breach of contract claim.

### B. Trademark Infringement

Plaintiff contends that Defendant is liable for violations of certain provisions of 15 U.S.C. § 1114(1),[3] also known as the Lanham Act, for trademark infringement. (Compl. ¶ 44.) The Lanham Act prohibits the use in commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark," which is "likely to cause confusion, or to cause mistake, or to deceive" the public. 15 U.S.C. § 1114. A defendant may be held liable for trademark infringement under this provision when the plaintiff establishes that it has a valid, protectable trademark and that the defendant's "use of a colorable imitation of the trademark is likely to cause confusion among consumers." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 (4th Cir. 1995); *see also Phillip Morris Inc. v. Midwest Tobacco Inc.*, No. 88-1292-A, 1988 WL 150693, at *7 (E.D. Va. Nov. 4, 1988). When a franchisee continues to use the franchisor's trademarks following the termination of an agreement between the parties, courts have found such use likely to cause confusion among consumers. *Allegra Network LLC v. Reeder*, No. 1:09-cv-912, 2009 WL 3734288, at *2 (E.D. Va. Nov. 4, 2009); *Prosperity Sys., Inc. v. Ali*, No. CCB-10-2024, 2010 WL 5174939, at * 2 (D. Md. Dec. 15, 2010) (citing *Merry Maids*

---

[3] *See supra* footnote 1 and accompanying text.

*Ltd P'ship v. Kamara*, 33 F. Supp. 2d 443, 445 (D. Md. 1998)).

Additionally, Plaintiff seeks an injunction, claiming irreparable injury to Plaintiff's business identity, goodwill, and reputation. (Compl. ¶ 47.) The grant of a preliminary injunction is an extraordinary remedy to be applied in limited circumstances. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking an injunction must normally show that it would suffer irreparable injury absent the injunctive relief. *Lone Star*, 43 F.3d at 938. In the Fourth Circuit, the plaintiff must demonstrate the following to be granted a preliminary injunction: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) an injunction is in the public interest. *Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009).

First, the plaintiff must be likely to succeed on the merits. *Id.* In that regard, to prevail on claims of trademark infringement, a plaintiff must show that it possesses a mark; that defendant used the mark; that the defendant's use of the mark occurred in commerce; that the defendant used the mark in connection with the sale, offering for sale, distribution, or advertising of goods and services; and that the defendant used the mark in a manner likely to confuse customers. *Allegra Network LLC*, 2009 WL 3734288, at *2; *Huthwaithe, Inc. v. Sunrise Assisted Living, Inc.*, 261 F. Supp. 2d 502, 512 (E.D. Va. 2003). When a former franchisee continues to operate under the franchisor's trademarks, courts have held there is a high risk of consumer confusion because customers will continue to associate the former franchisee with the franchisor. *Allegra Network LLC*, 2009 WL 3734288, at *2; *Merry Maids*, 33 F.Supp.2d at 445. In such situations, courts have found that there is a likelihood of success on the merits for a trademark infringement claim. *Id.*

Second, the plaintiff must show that it is likely to suffer irreparable harm absent an

injunction. *Real Truth About Obama*, 575 F.3d at 347. A finding of irreparable harm usually follows a finding of unlawful use of a trademark and a likelihood of confusion. *Lone Star*, 43 F.3d at 930 (internal citations omitted); *see also Ledo Pizza Sys., Inc. v. Singh*, 983 F. Supp. 2d 632, 639 (2013). When a terminated franchisee continues to operate its former franchise, the franchisor loses control of its business reputation and suffers irreparable harm, for which there may be no meaningful monetary recovery available. *Merry Maids*, 33 F. Supp. 2d at 445; *Long John Silver's, Inc. v. Wash. Franchise, Inc.*, No. 80-540-A, 1980 WL 30249, at *1 (E.D. Va. June 24, 1980). Additionally, irreparable harm may arise in the franchise context "where there is an inherent injury to the goodwill and reputation of the plaintiff" resulting from the "[v]iolation of a trademark." *Dynamic Aviation Grp. Inc., DA2, LLC v. Dynamic Int'l Airways, LLC*, No. 5:15-cv-00058, 2016 WL 1247220, at *27 (W.D. Va. Mar. 24, 2016); *NaturalLawn of Am., Inc. v. W. Grp., LLC*, 484 F.Supp.2d. 392, 401 (D. Md. 2007); *Merry Maids*, 33 F.Supp.2d at 445.

Third, the balance of equities favors a preliminary injunction where there is no evidence that the defendant will suffer irreparable harm from not being able to use the plaintiff's trademarks. *Allegra Network LLC*, 2009 WL 3734288, at *3. Furthermore, the balance of equities generally favors the franchisor, especially when the defendant's hardships have been created by its own willful acts. *Ledo Pizza Sys., Inc.*, 983 F. Supp. 2d at, 640.

Fourth, the public interest favors granting a preliminary injunction to prevent trademark infringement because the public interest is served by preventing consumer confusion. *Allegra Network LLC*, 2009 WL 3734288, at *3; *Merry Maids*, 33 F. Supp. 2d at 446.

Plaintiff alleges, and Defendant concedes by failing to answer, that after termination of the franchise agreement, Defendant has continued to operate, without authorization, Plaintiff's Proprietary Mark, Trade Dress, and Trade Secrets. (Compl. ¶ 37.) Pursuant to the agreement between Plaintiff and Defendant, upon termination of the franchise agreement, Defendant is

11

required to immediately cease using the Proprietary Mark, signs, slogans, symbols, advertising materials, or other materials bearing Plaintiff's Proprietary Mark. (Compl. ¶ 24). Additionally, upon termination of the franchise agreement, Defendant must cease to represent to the public or hold itself out to be a present or former franchisee of Plaintiff's business, or represent that Defendant has the right to use Plaintiff's painting system or Proprietary Mark. (Compl. ¶ 25.)

In this case, Plaintiff alleges sufficient facts to establish a trademark infringement claim and irreparable injury warranting an injunction. Plaintiff has established that it is likely to succeed on the merits. Plaintiff has established its Proprietary Mark (Compl. ¶ 6), that Defendant used the mark in commerce and in connection with the sale of goods and services (Compl. ¶¶ 38–40), and in a manner that is likely to confuse the public because Plaintiff's Proprietary Mark is unique and represents to the public Plaintiff's identity, reputation, and goodwill. (Compl. ¶¶ 37–43, 46).

Plaintiff has established that it is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff has established that substantial injury to its business, including goodwill and reputation, is likely resulting in lost revenues and profits and diminished goodwill. Defendant is not authorized to use Plaintiff's Proprietary Mark because Defendant breached the contract with Plaintiff and the franchise agreement was subsequently terminated. (Compl. ¶¶ 30–31, 36.) Defendant has failed to cease representing to the public that Defendant is a franchisee of Plaintiff. (Compl. ¶¶ 38–40.) Furthermore, there is no evidence that Defendant will suffer harm from not being able to use Plaintiff's trademark, and the balance of equities favors a preliminary injunction. Finally, the public interest is served by preventing consumer confusion and granting an injunction against Defendant Celestine Obi.

Plaintiff has suffered harm in the amount of $200,000 for the infringement of its Proprietary Mark, Trade Secrets, and Trade Dress. Plaintiff has pled sufficient facts to prove

trademark infringement and to grant a preliminary injunction. Therefore, the undersigned finds that Plaintiff has properly established a trademark infringement claim against Defendant and recommends that Plaintiff's Motion for Default Judgment be granted as to the trademark infringement claim.

### IV. REQUESTED RELIEF

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. *See id.* A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04cv1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009). However, "[t]he exact amounts for interest, costs, and attorney's fees need not be pled specifically in the Complaint." *Sheet Metal Workers' Nat'l Pension Fund*, 2005 WL 1432786, at *9.

As discussed above, Plaintiff has stated facts sufficient to show Defendant Celestine Obi is liable to Plaintiff for $65,000 for breach of contract and $200,000 for trademark infringement. Furthermore, Plaintiff has stated facts sufficient to grant a preliminary injunction, enjoining Defendant from holding itself out to be a franchisee of Plaintiff or utilizing Plaintiff's Trade Secrets, Trade Dress, or Proprietary Mark.

### V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends the entry

13

of default judgment in favor of Plaintiff 360 Painting, LLC and against Defendant Celestine Obi. The undersigned also recommends that the order contain the specific language requested by Plaintiff on page three and four of its Motion for Default Judgment. Specifically the undersigned recommends that the order instruct Defendant to return any Trade Secrets it still possesses. The undersigned also recommends that the order instruct Defendant to file under oath a written report setting forth in detail the manner in which Defendant has complied with the injunction, including the return of Plaintiff's Trade Secrets, within fifteen days of service of any injunction.

## VI. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the Registrant at the following address:

Celestine Obi
2005 Highview Fall Place
Brandon, Florida 33510

                                                       /s/
                                     Ivan D. Davis
                                     United States Magistrate Judge

November 7, 2016
Alexandria, Virginia